Mike Murphy, Judge, concurring. I agree with my colleagues that this case should be affirmed on all points. I write separately because I would have reached the conclusion that the circuit court properly held that the relocation provision was unenforceable because self-executing provisions in custody agreements are contrary to Arkansas custody law, generally. In Stills v. Stills, the parents had a custody agreement wherein the custodial parent waived the Hollandsworth presumption in the event she sought to relocate with the children. 2010 Ark. 132, 361 S.W.3d 823. Our supreme court held the provision was unenforceable by concluding the Hollandsworth presumption was, at its core, a legal burden of proof to be enforced by the circuit courts in deciding relocation disputes and not a “right” that may be claimed by one party or another. Hollandsworth v. Knyzewski, 353 Ark. 470, 477, 109 S.W.3d 653, 658 (2003). |sIn the case at bar, the father asked the lower court to uphold the following provision: Parents agree and understand that if [G.A.] is taken out of the Pulaski County School District, or does not attend school in the Maumelle area, Father will become the primary residential custodian, and [G.A.] will be placed in a school in the Quitman School District. The lower court and the majority reason this provision is, essentially, like Stills in that it is an attempt to “work around” the Hollandsworth presumption. And while that is certainly one consequence of the provision, the provision at issue here goes even further than the one in Stills in 'that instead of attempting to waive a legal presumption, it simply changes custody upon the occurrence of an agreed-upon event. Our appellate courts have regularly and often said that the child’s best interest is the paramount consideration in any situation in which the trial court is deciding who should exercise care, custody, and control over the minor child. See, e.g., Furr v. James, 2013 Ark. App. 181, at 4, 427 S.W.3d 94, 96 (2013). Self-executing custodial provisions do not even allow a court to pay lip service to a best-interest analysis, and this is in complete derogation of our long-standing principles. See also Sarah Abramowicz, Contractualizing Custody, 83 Fordham L. Rev. 67, 87 (2014) (“Courts have largely refused to enforce agreements providing for an automatic change of custody upon an agreed-upon event, even where the agreement has been incorporated into a court order.”).[1] |9For these reasons, I would affirm the lower court’s conclusion that the change-of-custody provision was unenforceable. I agree with the majority on all other points. For these reasons, I concur. . The parties’ agreement actually contained two self-executing provisions. The first was that the parents were to share week-to-week joint custody until G.A. reached kindergarten. That provision is not at issue before us, and at the time of the petition for relocation, G.A. had been living with his mother as the primary custodian for several years.